

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Baidwan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Baidwan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1197.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1197

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-4748

—————

PARAMJIT SINGH BAIDWAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A76-093-733)
Immigration Judge: Annie S. Garcy

_____

Submitted under Third Circuit LAR 34.1 (a)
on January 18, 2008


Before:  SCIRICA, <u>Chief Judge</u>, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed : May 20, 2008)

—————

O P I N I O N

—————

**ROTH,** <u>Circuit Judge</u>:

Paramjit Singh Baidwan seeks review of a final order of the Board of Immigration Appeals (BIA) denying a motion to reopen his immigration proceedings as untimely and number-barred. Baidwan contends that the BIA did not properly exercise its discretion when it denied his motion to reopen because of the existence of changed country circumstances and ineffective assistance of counsel. Baidwan also asserts that the Immigration Judge (IJ) and BIA erroneously ordered him removed from the United States and erroneously denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Finding no abuse of discretion, we will deny the petition for review.

## I. BACKGROUND

Baidwan is a native and citizen of India; he is also a Sikh and alleged member of Akali Dal Mann. Baidwan entered the United States on February 11, 1998. An I-94 Arrival-Departure Form indicates his authorized stay expired on February 20, 1998. Baidwan filed an application for asylum on November 24, 1998. Subsequently, the former Immigration and Naturalization Service (INS) commenced removal proceedings against Baidwan, charging that he was subject to removal as an alien who was inadmissible at the time of entry for failing to possess or present a valid immigration visa, reentry permit, border crossing identification, or other valid entry document.

Baidwan, represented by counsel, appeared before the IJ and admitted the allegations

against him, conceding removability as charged.[1]  Following a merits hearing, the IJ denied

Baidwan's applications for asylum, withholding of removal, and protection under CAT, and

ordered him removed to India.  Baidwan filed a timely appeal with the BIA on November 8,

1999.  On April 22, 2003, the BIA dismissed Baidwan's appeal, agreeing with the IJ that

Baidwan failed to meet his burden of proof and persuasion regarding his applications for

asylum and withholding of removal because his evidence was vague, uncorroborated, and

not credible.  The BIA also found Baidwan failed to provide credible evidence relating to his

torture claim.  On June 16, 2003, Baidwan filed a timely motion to reopen his removal

proceedings.  The BIA denied this motion on July 17, 2003, finding he did not meet the

heavy evidentiary burden required for reopening.

On July 28, 2003, Baidwan filed a petition for review and a motion to stay removal.

We denied the motion to stay removal on August 20, 2003.  Baidwan failed to comply with

the briefing schedule and, on October 30, 2003, we terminated the proceedings due to

Baidwan's failure to prosecute his claim.

On June 8, 2006, Baidwan filed a second motion to reopen removal proceedings with

the BIA alleging changed country conditions and ineffective assistance of counsel.  He also

sought to apply for adjustment of status based on a pending application for labor

---

[1]Baidwan conceded to a charge that he was removable as an alien who was inadmissible at the time of entry for failing to possess or present a valid entry document.  Baidwan did not present an I-94 form during these proceedings.  In his brief, Baidwan admitted he had lost the document.  He received a replacement I-94 form on September 6, 2006.

certification. The BIA denied the motion on October 27, 2006. The BIA found that Baidwan's motion to reopen was untimely and number-barred and that Baidwan failed to show any exception applied to cure these defects. Even assuming the existence of changed country circumstances, the BIA found Baidwan failed to show how the additional evidence was material or would affect the outcome of the case because it was based on the same claim as his asylum application, which was not credible. The BIA construed Baidwan's adjustment of status request as a request for *sua sponte* reopening to apply for labor certification and denied the motion. Regarding Baidwan's ineffective assistance of counsel claim, the BIA found Baidwan failed to satisfy the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Baidwan filed a petition for review on November 13, 2006.

We have exclusive jurisdiction to review final orders of removal pursuant to INA Section 242(a)(1). 8 U.S.C. § 1252(a)(1) (2005), as amended by The REAL ID Act of 2005, § 106, Pub. L. No. 109-13, Div. B, 119 Stat 231, 310-11. Baidwan's petition for review was timely filed only insofar as Baidwan seeks review of the BIA's October 27, 2006, order. Venue is proper because the proceedings before the IJ were concluded in Newark, New Jersey.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007). However, we review questions of law, such as whether the BIA applied the correct legal standard in considering the motion de novo. *Id*. Our review of the BIA's determination of an underlying procedural due process claim is also

4

de novo. *Id.* A claim of ineffective assistance of counsel in immigration proceedings is grounded in the Fifth Amendment right to due process. *Id.* Therefore, we will review Baidwan's ineffective assistance of counsel claim de novo. *Id.*

## II. DISCUSSION

### A. Motion to Reopen

In the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Congress provided a mechanism for reopening proceedings that applies to motions filed on or after April 1, 1997. 8 U.S.C. § 1229a(c)(7). Generally, an alien may file one motion to reopen within 90 days of the date of entry of the final administrative order of removal. 8 U.S.C. § 1229(a)(7)(A) & (C)(i). The BIA properly dismissed Baidwan's second motion to reopen filed more than three years after a final order of removal as untimely and number-barred. The BIA did not abuse its discretion by finding Baidwan failed to show an exception applied and Baidwan does not challenge this determination. Baidwan merely offers conclusory statements that this Court should equitably toll the time and number bars without citing legal authority. He has failed to show that the BIA's decision was "arbitrary, irrational, or contrary to law." *See Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

### B. Ineffective Assistance of Counsel

In *Lozada*, the BIA set forth three procedural requirements the petitioner must satisfy in order for the BIA to consider motions to reopen based on a claim of ineffective assistance of counsel. *See Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1998). *Lozada* requires the alien

5

to (1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with an opportunity to respond; and (3) state whether a complaint has been filed with appropriate disciplinary authorities regarding the allegedly deficient representation, and if not, why not. *Id.* In *Lu v. Ashcroft*, "[w]e generally agree[d] that the BIA's three-prong test is not an abuse of the Board's wide-ranging discretion." 259 F.3d 127, 133 (3d Cir. 2001). In *Lu*, we recognized "[t]here are inherent dangers, however, in applying a strict, formulaic interpretation of *Lozada*." *Id.* For example, failure to file a bar complaint is not fatal if the petitioner provides a reasonable explanation for the decision. *Id.* Finally, in the event the petitioner satisfies *Lozada*'s procedural requirements, he must show that he suffered prejudice as a result. *Id.* at 135, n.5.

The BIA correctly determined that Baidwan failed to satisfy *Lozada*'s requirements. Regarding the first requirement, Baidwan asserts that his former counsel provided ineffective assistance by conceding to an erroneous charge of removability, failing to discover Baidwan's entry was legal, and failing to discover that Baidwan was eligible to file for labor certification and then for adjustment of status. Regarding counsel's alleged failure to file for labor certification, Baidwan failed to provide the BIA with any evidence that any counsel was ever engaged or agreed to pursue an application for labor certification or an employment based visa petition.[2]

---

[2] *See Lozada*, 19 I. & N. at 639-40 (holding first requirement not satisfied where affidavit asserted ineffective assistance of counsel for failure to file a brief, but failed to include a statement that set forth in detail the agreement that was entered into with former counsel with

Baidwan's argument that former counsel conceded to an erroneous charge of removability by failing to discover Baidwan entered the country legally rather than illegally also fails to satisfy the first requirement. Baidwan's replacement I-94 form does indicate Baidwan entered the country legally, but his authorized stay expired February 20, 1998. Removal proceedings against him were not initiated until March 1999, more than a year after his authorized stay expired. Baidwan was subject to removal as an alien who, after admission as a non-immigrant, had remained in the United States for a time longer than permitted. Therefore, Baidwan has not made clear how conceding to removal was unreasonable. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Moreover, Baidwan failed to establish how concession to a charge that he was subject to removal for failing to possess or present a valid entry document prejudiced the outcome of the proceeding as compared to concession to a charge that he was subject to removal as a non-immigrant who had remained in the country longer than permitted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Additionally, Baidwan does not dispute that he failed to satisfy the last two *Lozada* requirements. He offers no explanation for this failure. We decline to accept Baidwan's argument that we should not apply a strict, formulaic interpretation of *Lozada* where, as here, *Lozada*'s procedural requirements have not been met and there is no explanation provided

respect to the actions to be taken on appeal and what counsel did or did not represent to alien in this regard).

7

for the failure. As a result, we will affirm the BIA's denial of Baidwan's motion to reopen his immigration proceedings based on ineffective assistance of counsel.

## III. **CONCLUSION**

For the foregoing reasons, we will **deny** the petition for review.